729 S.E.2d 860

**Fredrick ARMSTRONG, Petitioner Below, Petitioner**

v.

**WEST VIRGINIA DIVISION OF CULTURE AND HISTORY, Respondent Below, Respondent.**

**No. 11–0698.**

Supreme Court of Appeals of West Virginia.

Submitted Feb. 7, 2012.

Decided June 18, 2012.

**540**

James B. Lees, Jr., Esq., Hunt & Lees, L.C., Charleston, WV, for Petitioner.

Billie Jo Streyle, Esq., Bailey and Wyant, PLLC, Charleston, WV, for Respondent.

PER CURIAM:

The petitioner, Fredrick Armstrong, appeals from the December 23, 2010, order of the Circuit Court of Kanawha County, West Virginia, affirming the February 15, 2008, order of the West Virginia Public Employees Grievance Board ("the Board") dismissing the grievance filed by the petitioner. We find no error in the circuit court's order and affirm the same.

## I.

### FACTUAL AND PROCEDURAL HISTORY

The petitioner, Fredrick Armstrong, held the position of director of Archives and History for the West Virginia Division of Culture and History ("the Division") since 1985.[1] It is uncontested that his position was that of an at will employee, as opposed to an employee in the classified service of the state.

On November 16, 2007,[2] the petitioner was terminated from his employment by Randall Reid–Smith, the Commissioner of the Division ("the Commissioner."). No reason was given to the petitioner for his termination at the time of his being fired.[3] The Commissioner reports directly to the Cabinet Secretary of the West Virginia Department of Education and the Arts, Kay Goodwin. The firing took place at the beginning of the workday, and the petitioner was escorted from his office at the Culture Center by a security officer.

On the same day as his firing, the petitioner filed a grievance before the Public Employees Grievance Board prepared by him against the Division, alleging that his dismissal was improper under West Virginia law. The petitioner requested reinstatement to his position, an apology and acknowledgment for his past work. The grievance filed by the petitioner stated as follows:

> My job performance in carrying out the requirements of my professional position as archivist and historian as stated in WV Code, 29–1–6 and answerable to the WV Archives and History Commissioner 29–1–5, have been contradicted by the Secretary of Education and the Arts and her Staff and the Commissioner of Culture and History. Her, and their actions and orders have placed my performance and compliance under the code to be outside its mandate. These actions and orders, when questioned or legal advice south on my part to insure that I remained true under code have then been held against me, leading to unfair and untruthful accusations and finally in termination.

On January 7, 2009, the Division filed a motion to dismiss, arguing that the grievance failed to state a claim under which relief could be granted. In response to that mo-

---

1. The specific duties and responsibilities of the director, as well as the necessary qualifications for appointment to this position, are detailed in W. Va.Code 29–1–6 (1991).

2. While the circuit court order identifies the petitioner's date of dismissal as November 1, 2007, the parties both state in their briefs to this Court that the actual date of dismissal was November 16, 2007.

3. In his deposition, the Commissioner said that he terminated the petitioner because he felt that Mr. Armstrong was not a team player, was difficult to get along with and had been insubordinate in his objections to the decisions made regarding the publishing of the History Journal, the renovation of the Culture Center and the merger of the State Library reading rooms with Archives and History.

tion, the petitioner, now represented by counsel, filed an amended grievance on January 22, 2008, alleging that the termination was in violation of public policy. The four-page amended grievance alleged that the petitioner was terminated for his failure to comply with the directives of Secretary Goodwin to transfer materials for the West Virginia History Journal from Archives and History to the West Virginia University Press in a timely manner. The petitioner alleged that he believed the transfer of the responsibilities for publishing the yearly history to the West Virginia University Press was in violation of statute.[4] The petitioner alleged that he was reprimanded on April 10, 2006, for insubordination, but that his so-called insubordination was trying to comply with the law. He alleged that his dispute with his superiors, as well as the written reprimand, played a direct role in his termination.

The amended grievance further alleged that the petitioner was terminated because of his objection to merging the State Library with Archives and History to create room for a restaurant in the Culture Center[5] and also because he voiced concerns over the placement of three historical markers in Wayne County.[6] The petitioner alleged that his "attempt to adhere to the published rules and regulations of the placement of historical markers along West Virginia highways" played a direct role in his termination.

On February 15, 2008, Chief Administrative Law Judge Janis I. Reynolds ("ALJ Reynolds") denied the motion to dismiss filed by the Division, stating the amended grievance was sufficient to raise the possibility of a substantial policy issue. Her order stated, *inter alia*, that "[t]he issues asserted in Grievant's amended grievance ... meet[ ] the requirements identified in *Wilhelm* [*v. West Virginia Lottery*, 198 W.Va. 92, 479 S.E.2d 602 (1996) ]." This order effectively denied the Division's motion to dismiss and authorized the filing of an amended grievance.

A hearing on the grievance was originally set for February 25, 2008, but was continued so that the depositions of the petitioner and of certain witnesses could be taken. The parties engaged in discovery, including the taking of the depositions on March 21, 2008, of Secretary Goodwin and the Commissioner. The hearing was rescheduled for April 16, 2008. In the meantime, ALJ Reynolds retired, and the case was assigned to Administrative Law Judge Denise Spatafore ("ALJ Spatafore") on March 16, 2008. The hearing was rescheduled for June 12, 2008, for administrative reasons by ALJ Spatafore.

On April 29, 2008, the Division filed a renewed motion to dismiss the amended grievance because the amended grievance failed to state a claim upon which relief could be granted. The motion pled an alternative grounds for dismissal, along the lines of a motion for summary judgment, by alleging that the petitioner, being an at will employee, had failed to plead any substantial public policy that was violated as a result of his termination. The Division quoted extensively from the petitioner's testimony at deposition, which was evidence that was not available to ALJ Reynolds at the time that she denied the Division's first motion to dismiss.

The Division's motion to dismiss was based upon 156 C.S.R. 1 § 6.11 (2007), which states as follows: "6.11. Failure to State a Claim— A grievance may be dismissed, in the discre-

---

4. In his amended grievance, the petitioner did not identify what statute was being violated by this transfer.

5. The West Virginia Culture Center began renovations prior to the petitioner's termination. In 2009, the new State Museum was opened in the Culture Center. While a restaurant was not included in the final plan, the petitioner alleged that an eating establishment in the Culture Center would not be appropriate where historical archives were stored. He stated in his amended grievance, "historical records are not as a rule merged with a lending library for obvious rea-

sons and the introduction of a restaurant in the vicinity of a historical archive is merely asking for rodent and pest problems (which will attack and destroy paper)."

6. The historical markers that were eventually placed in Wayne County were previously rejected on two occasions by the Archives and History Commission. The amended grievance alleged that these markers were approved after a meeting took place between the Commissioner and representatives of the speaker of the House of Delegates.

tion of the administrative law judge, if no claim on which relief can be granted is stated or a remedy wholly unavailable to the grievant is requested." Alternatively, the Division argued that it was entitled to summary judgment because the testimony of the petitioner in depositions demonstrated that there was no claim upon which relief could be granted, or, in the alternative, that there was no issue of material fact because the petitioner was an at will employee who failed to plead any substantial public policy was violated as a result of his termination.

On June 17, 2008, ALJ Spatafore issued a twelve-page order, dismissing the amended grievance filed by the petitioner. She addressed the issue of whether the decision by former ALJ Reynolds was *res judicata* on the issue of dismissal. The order concluded that because there had been no adjudication of the merits of the petitioner's claim in the earlier order entered by ALJ Reynolds the doctrine of *res judicata* was inapplicable. ALJ Reynolds' order merely stated that the petitioner had raised the "possibility" of a substantial public policy issue, not a final ruling that the petitioner had in fact alleged a substantial public policy issue that would, if proved, prevent him from being terminated. As such, ALJ Spatafore concluded that she was not barred from ruling on the issue.

ALJ Spatafore's order found that the petitioner was terminated from his position as director of the state Archives and History, an at will position appointed by the Commissioner, with the advice and consent to the West Virginia Archives and History Commission. No reason was given for this termination.

In terms of the specific allegations relating to the transfer of responsibility of publishing the West Virginia History Journal to another publisher, ALJ Spatafore found that the previous commissioner sought the advice of the West Virginia Attorney General's office and received an informal opinion that said transfer would violate state law. However, when Secretary Goodwin discussed the issue in 2006, she sought her own legal advice and was assured that there would not be a violation of state law if this transfer happened.

ALJ Spatafore further found that there was no state law prohibiting the merger of the reading rooms at the Division of Culture and History with the State Library. She further found that there was likewise no prohibition to having an eating establishment in these same libraries.

On the issue of the placement of historical markers in Wayne County, ALJ Spatafore found that the Commissioner of the Division of Culture and History did have the statutory authority to place these markers. However, the approval of markers has been delegated to the Archives and History Commission. ALJ Spatafore found that while the petitioner's role in the process of placing markers was advisory, the ultimate decision about where to place these markers was in the hands of the Archives and History Commission.

ALJ Spatafore concluded that the burden of proof rested on the petitioner to show that his firing contravened some substantial public policy. Relying upon 156 C.S.R. 1 § 6.11, which states that a grievance may be dismissed if no claim upon which relief can be granted or a remedy wholly unavailable to the grievant is requested, the petitioner's grievance was dismissed.

The petitioner timely filed an appeal in the Circuit Court of Kanawha County. Oral argument was held on January 19, 2010. Judge Paul Zakaib issued a forty-three page order on December 22, 2010, affirming the Board's dismissal order. The circuit court found that in regard to the petitioner's disagreements with his superiors over the merger of Archives and History and the State Library Reading Room, the petitioner failed to cite evidence of any substantial public policy against his termination. The circuit court found that in no way did the authority to allocate space and to control the projects of the Division fall with the petitioner, but instead was within the duties of the Commissioner. The circuit court found that "Appellant Armstrong's personal opinion and objection to the proposals and discussions regarding these matters does not create the substantial public policy of the State of West Virginia." In fact, the circuit court found that petitioner agreed in his deposition that state law would permit the merger of Ar-

chives and History with the State Library Reading Room. The circuit court found that ALJ Spatafore's order was not clearly wrong and affirmed it on this issue.

On the issue of the placement of the Wayne County Historical Markers, the circuit court found that the petitioner did not prove that his personal objections to the Commissioner's act resulted in his firing in violation of the substantial public policy of this state. The circuit court found that W.Va.Code § 29-1-5 (1993) specifically granted to the Commissioner authority to exercise control and supervision of the placement of highway historical markers. The circuit court concluded that ALJ Spatafore's order was not clearly wrong on this issue.

Regarding the transfer of the responsibility for the West Virginia History Journal, the circuit court found that the petitioner was issued a reprimand by Secretary Goodwin for failing to transfer materials to the West Virginia University Press as requested by her. The reprimand was issued on April 10, 2006, for insubordination. Because no grievance was filed by the petitioner regarding this reprimand, the circuit found that the petitioner's amended grievance on this ground should be dismissed.

Because the ALJ's dismissal order did not dismiss this ground for reason of it being time-barred, the circuit court alternatively found that ALJ Spatafore was not clearly wrong in dismissing the amended grievance on this ground. The circuit court found that W. Va.Code § 29-1-6 (2000) did not require the petitioner to publish an annual historical journal called the West Virginia History Journal.[7] Specifically, the circuit court found that the plain language of the statute does not require any publication by the petitioner on an annual basis. ALJ Spatafore's order found that the petitioner had failed to plead any substantial public policy that was violated in regard to this issue. The circuit court found that the ALJ's order was not clearly wrong on this issue.

On the basis of these findings, the circuit court affirmed ALJ Spatafore's dismissal or-

der. The petitioner appeals from this order to this Court.

## II.

### STANDARD OF REVIEW

We have held, "When reviewing the appeal of a public employees grievance, this Court reviews decisions of the circuit court under the same standard as that by which the circuit court reviews the decision of the administrative law judge." Syl. pt. 1, *Martin v. Barbour Cnty. Bd. of Educ.*, 228 W.Va. 238, 719 S.E.2d 406 (2011). Furthermore,

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo.

Syl. pt. 1, *Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Finally, our standard of review requires deference to the findings of the circuit court and administrative law judge. "A final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W. Va.Code, [6C-2-1], et seq. [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

With these standards in mind, this Court considers the petitioner's argument.

## III.

### DISCUSSION

The petitioner assigns two grounds for error. The first is that the circuit court erred

---

7. W. Va.Code 29-1-6(a) states, in pertinent part, that one of the duties and responsibilities of the director of Archives and History is "to edit and publish a historical journal devoted to the history, biography, bibliography and genealogy of West Virginia."

by affirming the decision of the Board to dismiss his amended grievance without a hearing before the administrative law judge. The Division contends that the circuit court was within its rights to dismiss this amended grievance without a hearing. The second is that ALJ Spatafore had no authority to enter a dismissal order after the previous ALJ denied the Division's motion to dismiss.

The petitioner cites no authority for the contention that he was entitled to a hearing prior to the motion to dismiss being granted. The Division argues that the rules of procedure for public employee grievances anticipate that meritless claims can be handled without hearings and may be subject to summary dismissal. The Board and the circuit court agreed with the Division on this point.

■■■ Upon examination of the Rules of Practice and Procedure of the West Virginia Public Employees' Grievance Board, we find that there is a procedure in place for the disposition of grievances without a hearing. Rule 6.2 grants to the administrative law judge the authority and discretion to control the processing of each grievance, and to take such actions deemed appropriate. Rule 6.11 specifically authorizes the dismissal of claims found to be without merit. Rule 6.6.1 allows the administrative law judge to "hold a hearing on a motion if it is determined that a hearing is necessary to the development of a full and complete record upon which a proper decision can be made." The holding of a hearing therefore is a discretionary decision of the administrative law judge. We find that the Board and the circuit court ruled correctly in this regard, and that there is no requirement for the holding of a hearing on a motion to dismiss for failure to state a claim upon which relief may be granted.

■■ Having determined that a hearing was not necessary, we turn to the second ground for error claimed by the petitioner; i.e., whether the petitioner's amended grievance claim was properly dismissed as failing to state a claim upon which relief might be granted, despite an earlier ruling to the contrary by another administrative law judge on a separate motion to dismiss.

The administrative law judge and the circuit court each found the doctrine of *res judicata* did not bar ALJ Spatafore from ruling on the Division's renewed motion to dismiss. ALJ Spatafore held that the ruling of previous ALJ Reynolds was not an adjudication of the claim on its merits, a prerequisite to any preclusion of a subsequent decision. The circuit court found no clear error in this ruling by ALJ Spatafore. Our review of the record likewise finds no clear error in the determination that the ruling by ALJ Reynolds was merely a preliminary ruling and was not an adjudication of the case on the merits. There is plainly no barrier to another administrative law judge ruling upon a different motion to dismiss, especially where that new motion is based on additional information developed through discovery of the petitioner and the Commissioner, as well as Secretary Goodwin. We find no clear error in the circuit court's ruling on this issue.

■■ The petitioner posits that the amended grievance filed on January 22, 2008, was sufficient on its face to require a Level III hearing and an adjudication of the pertinent facts. The Division disagrees, arguing that nowhere does the petitioner identify the public policy that was violated by the petitioner's termination. Even throughout discovery, the petitioner failed to articulate what specific public policy was violated by his termination. The petitioner in his brief argues that the public policy that was violated was that the petitioner was forced to violate West Virginia law in the actions taken regarding the highway markers, the merger of the State Library reading rooms with Archives and History and the possible inclusion of a restaurant in the Culture Center renovations.

■■■ We begin our analysis with the premise that an at will employee, such as the petitioner, may be terminated at any time, without reason, unless this termination violates some substantial public policy. The syllabus of *Harless v. First Nat'l Bank of Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978) states,

The rule that an employer has an absolute right to discharge an at will employee

must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.

What this substantial public policy may be was discussed in Syl. pt. 2, *Birthisel v. Tri–Cities Health Servs. Corp.*, 188 W.Va. 371, 424 S.E.2d 606 (1992), where we held,

> To identify the sources of public policy for purposes of determining whether a retaliatory discharge has occurred, we look to established precepts in our constitution, legislative enactments, legislatively approved regulations, and judicial opinions.

In its order, the circuit court found that the petitioner failed to allege what substantial public policy was violated by his termination. The petitioner stated nothing on the face of the amended grievance to articulate what substantial public policy was violated. It is not enough to make conclusory statements about the violations. We find no error in the administrative law judge's use of a procedural rule allowing the dismissal of grievances that fail to state a claim upon which relief may be granted or in the circuit court's affirmation of that act.

## IV.

### CONCLUSION

For the foregoing reasons, we affirm the December 22, 2010, order of the Circuit Court of Kanawha County, affirming the dismissal of the grievance of Fredrick Armstrong for failure to state a ground upon which relief may be granted.

Affirmed.

Justice WORKMAN disqualified.