# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Curtis Nottingham,**
**Respondent Below, Petitioner**

**vs.) No. 15-0602** (Kanawha County 14-AA-130)

**Kanawha County Board of Education,**
**Petitioner Below, Respondent**

**FILED**

**June 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Curtis Nottingham, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's May 20, 2015, order reversing the November 25, 2014, order of the West Virginia Public Employees Grievance Board ("the Board"). Respondent, the Kanawha County Board of Education, by counsel James W. Withrow, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in finding that respondent's hiring practices complied with West Virginia Code § 18A-4-8b.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2013, petitioner filed a Level I grievance in which he alleged that respondent violated West Virginia Code §§ 18A-4-8b, -8g, -8e in hiring a less-experienced applicant for the posted supervisory position of "Supervisor of maintenance." In that grievance, petitioner sought placement in the supervisor position, lost wages, and retroactive benefits to the extent permissible by law.

In January of 2014, a hearing was held on the Level I grievance. At that hearing, the facts were largely undisputed. Those facts were as follows: Petitioner was employed by respondent as a plumber for thirty-one years, and he continued in that position at the time of the hearing. In 2013, respondent posted a hiring notice for a position referred to as "Supervisor of Maintenance." The posting required applicants to submit a resume; to complete an application; and to meet the minimum requirements for the position, which included, inter alia, "[s]trong supervisory and communication skills[.]" Petitioner and many others applied for the position. It is undisputed that petitioner did not submit a resume and that none of the applicants held the correct job classification (a level of training obtained for a given job) for the position at the time they applied. Of the many applicants, five, including petitioner, were interviewed by Terry Hollandsworth, Executive Director for Maintenance, Kim Olsen, Coordinator for Service

1

Personnel, and Mike Kelley, principal at Herbert Hoover High School. During those interviews, all applicants were asked the same questions related to the position. The applicants were then scored by each interviewer on a "matrix" created by Mr. Hollandsworth, which included categories for years of supervisory experience, interview rating, attendance number, and other factors calculated for a total score. In his total score during the application process, petitioner received low interview and attendance ratings from the interviewers. Notwithstanding petitioner's seniority over the person chosen, petitioner was not hired for the position.

Also at the Level I grievance hearing, Mr. Hollandsworth testified that, although petitioner was a good plumber, "[a] lot of his answers to our questions, they were open[-]ended questions[,] and we were trying to get a deeper thought out of it. [Petitioner] is a one[-]word type of person so he . . . gives you a one[-]word answer[.]" According to Mr. Hollandsworth, that was "not exactly what we were looking for[.]" The evidence also revealed that petitioner, "through the years, has [had] an attendance problem[.]" By decision dated January 17, 2014, the hearing officer denied petitioner's grievance. Petitioner filed a Level II grievance, but the parties failed to resolve the matter during the Level II grievance process.

In March of 2014, petitioner filed a Level III grievance. At the Level III hearing, the administrative law judge ("ALJ") heard the same undisputed evidence presented at the Level I hearing. By decision dated November 25, 2014, the ALJ granted, in part, and denied, in part, petitioner's grievance. In that decision, the ALJ concluded that respondent violated West Virginia Code § 18A-4-8b, which requires hiring decisions to be made "on the basis of seniority, qualifications, and evaluation of past service." The ALJ found that seniority and past service evaluations were not properly included as factors in filling the "Supervisor of Maintenance" position. The ALJ also ruled that respondent could not base its decision to fill the position on a subjective test for communication skills. However, in the November 24, 2014, decision, the ALJ found that if petitioner's years of service had been added to his total score in the application process, his rank among the other applicants would not have changed. Further, although the ALJ granted petitioner's grievance, in part, he denied petitioner's requested relief of "instatement into the supervisor's position, lost wages, benefits, and seniority retroactive[.]" Instead, the ALJ directed respondent to repost the position and reconsider applicants under the statutory criteria.

In December of 2014, respondent filed an administrative appeal of the ALJ's decision to the Circuit Court of Kanawha County. By order entered on May 20, 2015, the circuit court reversed the ALJ's decision to the extent it granted petitioner's grievance. Contrary to the ALJ's decision, the circuit court found that respondent considered each of the factors set forth in West Virginia Code § 18A-4-8b ("seniority, qualifications, and evaluation of past service"), and that respondent was not required to give each factor equal weight. The circuit court concluded that respondent could place more weight on the qualifications of an applicant than on seniority or the evaluations of past service. Consequently, the circuit court decided that respondent's decision to not hire petitioner was within its discretion and was not arbitrary and capricious under the facts of this case. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

"Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed *de novo*." Syllabus Point 1, *Cahill v. Mercer C[]ty Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha Cty. Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Further,

"[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W. Va. Code [§] [6C-2-1], et seq. [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph C[]ty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

Syl. Pt. 3, *Armstrong v. W.Va. Div. of Culture and History*, 229 W.Va. 538, 729 S.E.2d 860 (2012). In reviewing cases like the one sub judice, this Court has also held that "'[c]ounty boards of education have substantial discretion in matters relating to the hiring, assignment, transfer, and promotion of school personnel.' Syl. Pt. 3, in part, *Dillon v. Bd. of Educ.*, 177 W.Va. 145, 351 S.E.2d 58 (1986)." Syl. Pt. 3, *Cahill v. Mercer Cty. Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000). We also note that, to the extent applicable here, county boards of education "have the right to expand the required qualifications for a given position beyond the statutory definition of its classification title." *Hancock Cty. Bd. of Educ. v. Hawken*, 209 W.Va. 259, 546 S.E.2d 258 (1999).

On appeal, petitioner argues that the circuit court erred in finding that respondent complied with West Virginia Code § 18A-4-8b when it selected a successful applicant for the position of "Supervisor of Maintenance." West Virginia Code § 18A-4-8b(a) provides that

[a] county board shall make decisions affecting promotions and the filling of any service personnel positions of employment or jobs occurring throughout the school year that are to be performed by service personnel as provided in section eight of this article, *on the basis of seniority, qualifications and evaluation of past service*.

(Emphasis added.) West Virginia Code § 18A-4-8b(i) explains that "[t]he seniority of a service person is determined on the basis of the length of time the employee has been employed by the county board within a particular job classification." West Virginia Code § 18A-4-8b(b) defines "qualifications" to mean

the applicant holds a classification title in his or her category of employment as provided in this section and is given first opportunity for promotion and filling vacancies. Other employees then shall be considered and shall qualify by meeting

3

the definition of the job title that relates to the promotion or vacancy, as defined in section eight of this article. If requested by the employee, the county board shall show valid cause why a service person with the most seniority is not promoted or employed in the position for which he or she applies.

The "job title" at issue in this case is "Supervisor of maintenance," which is defined as follows:

"Supervisor of maintenance" means a skilled person who is not a professional person or professional educator as defined in section one, article one of this chapter. The responsibilities include directing the upkeep of buildings and shops, and issuing instructions to subordinates relating to cleaning, repairs and maintenance of all structures and mechanical and electrical equipment of a county board[.]

*Id.* § 18A-4-8(i)(85). The phrase "evaluation of past service" is not defined by statute.

In this case, petitioner claims that respondent failed to properly consider his seniority and his past service when it hired a less senior applicant. The circuit court, on the other hand, agreed with respondent that petitioner's satisfactory evaluations and lengthy seniority were considered by respondent, but those factors could not overcome petitioner's failure to meet the necessary qualifications for the supervisory position. Having reviewed the parties' argument, the record on appeal, and the pertinent legal authority, we find no error in the circuit court's ruling.

Based on the record on appeal, respondent considered each factor listed in West Virginia Code § 18A-4-8b(a) when it considered applicants for the position of "Supervisor of maintenance." Petitioner's seniority (more than thirty years as a plumber) was included in the "matrix" used to score each applicant. Petitioner's past service was considered both positively, as reflected by Mr. Hollandsworth's testimony that petitioner was said to be a good plumber, and negatively, as reflected in his attendance problems "through the years." As to qualifications, respondent clearly considered petitioner's qualifications in its hiring process, including his communication skills. Because none of the applicants for this position held the correct "classification title" as explained in West Virginia Code § 18A-4-8b(b), the statutory definition for "qualifications" permitted respondent to consider whether petitioner met the defined job title. In this instance, the job title required the supervisor to possess the ability to direct the upkeep of buildings and shops and to issue instructions to subordinates. By the job title's unequivocal terms, communication was a necessary qualification; therefore, it was likewise a necessary qualification for consideration in respondent's hiring process. Consequently, as respondent complied with the terms of West Virginia Code § 18A-4-8b, we find no merit to petitioner's argument that the circuit court committed reversible error.

To the extent petitioner argues that the factors of seniority and past service were given little weight in respondent's hiring process, he cites no authority to dispute the circuit court's conclusion that these factors need not be given equal weight under all circumstances. We have explained that "[a]n appellant must carry the burden of showing error in the judgment of which he complains." Syl. Pt. 5, in part, *Skidmore v. Skidmore*, 225 W.Va. 235, 691 S.E.2d 830 (2010)

4

(internal citations omitted). As petitioner has failed to carry his burden on appeal, we find no error in the circuit court's order in this regard.

For the foregoing reasons, the circuit court's May 20, 2015, order reversing the ALJ's decision is hereby affirmed.

Affirmed.

**ISSUED**: June 21, 2016


**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Allen H. Loughry II
Senior Status Justice Thomas E. McHugh, sitting by temporary assignment

**DISSENTING:**

Justice Robin Jean Davis
Justice Brent D. Benjamin

**DISQUALIFIED:**

Justice Margaret L. Workman