# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Heather Stewart,**
**Petitioner Below, Petitioner**

**vs.) No. 16-0123** (Kanawha County 14-AA-116)

**Lincoln County Board of Education,**
**Respondent Below, Respondent**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Heather Stewart, by counsel John Everett Roush, appeals the Circuit Court of Kanawha County's January 13, 2016, order affirming the decision of the West Virginia Public Employees Grievance Board ("the Board"). Respondent Lincoln County Board of Education, by counsel Rebecca M. Tinder, filed a response in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in affirming the decision of the Board because the Administrative Law Judge ("ALJ") erroneously found that she was correctly classified as a Clerk II/Accountant II.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, petitioner began working for respondent as a substitute secretary. After passing her competency test, petitioner began work as a Secretary II in 2008. In 2013, petitioner accepted a position under the multi-classification titles of Clerk II/Accountant II. This posting and job description were specifically created for the unique position petitioner accepted. In November of 2013, petitioner filed a Level One grievance that sought reclassification to include Secretary III or Executive Secretary. According to petitioner, roughly forty percent of her daily job duties in her new position were more properly classified as Secretary III or Executive Secretary, as opposed to Clerk II. Following the Level One hearing in December of 2013, petitioner's grievance was denied.

In January of 2014, petitioner appealed the denial to Level Two of the grievance procedure. Following unsuccessful mediation, petitioner appealed to Level Three in April of 2014. Following a hearing, the ALJ issued a decision in October of 2014. In the decision, the ALJ found that petitioner's duties fit both the statutory definition and respondent's job description for Clerk II/Accountant II and again denied her grievance. In November of 2014,

1

petitioner appealed the denial to the circuit court. By order entered on January 13, 2016, the circuit court affirmed the Board's decision. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

Syl. Pt. 1, *Darby v. Kanawha Cty. Bd. of Educ.*, 227 W.Va. 525, 711 S.E.2d 595 (2011). Further, we have held that

> "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W. Va.Code, [6C–2–1], et seq. [ ], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989).

Syl. Pt. 3, *Armstrong v. W.Va. Div. of Culture and History*, 229 W.Va. 538, 729 S.E.2d 860 (2012). Upon our review, the Court finds no error in the circuit court affirming the Board's decision below.

On appeal to this Court, petitioner argues that the ALJ erroneously found that she was not entitled to a classification of Secretary III or Executive Secretary, instead of her current classification as Clerk II.[1] The Court, however, does not agree. Upon our review and consideration of the circuit court's order, the parties' arguments, and the record submitted on appeal, we find no error by the circuit court. Our review of the record supports the circuit court's decision to affirm the Board's ruling based on this alleged error, which was also argued below. Indeed, the circuit court's order includes well-reasoned findings and conclusions as to the assignment of error raised on appeal.[2] Given our conclusion that the circuit court's order and the

---

[1] In the grievance process below, petitioner did not contest her classification as an Accountant II. Accordingly, that classification is not at issue on appeal.

[2] On appeal to this Court, petitioner presents only one allegation of error by the circuit court. According to petitioner, the circuit court erred in finding that petitioner "did not receive callers, make transcriptions or perform routine correspondence and therefore did not perform duties that distinguish a Secretary from a Clerk." However, the record shows that the ALJ similarly found that "[t]he functions that distinguish secretaries by definition, receiving callers,

(continued . . . )

record before us reflect no clear error, we hereby adopt and incorporate the circuit court's findings and conclusions as they relate to petitioner's assignments of error raised herein and direct the Clerk to attach a copy of the circuit court's January 13, 2016, "Order" to this memorandum decision.

For the foregoing reasons, the circuit court's January 13, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  February 21, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISQUALIFIED:**

Justice Margaret L. Workman

---

transcriptions, and handling routine correspondence, [petitioner] does not do." As such, this argument does not amount to a new allegation regarding the circuit court's ruling on appeal to this Court. Accordingly, adoption of the circuit court's order is appropriate, as it addresses all of the arguments petitioner raises on appeal to this Court, as they are the same issues raised in the circuit court.

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

FILED

2016 JAN 13 PM 4: 22

CATHY S. ...
KANAWHA COUNTY CIRCUIT COURT

HEATHER STEWART

        Petitioner,

v.

                                 Civil Action No. 14-AA-116
                                 Judge Jennifer F. Bailey

LINCOLN COUNTY BOARD OF EDUCATION,

        Respondent,

## <u>ORDER</u>

Before the Court is Petitioner's Petition for Appeal, filed November 25, 2014, in which Petitioner appeals the October 30, 2014, decision of the West Virginia Public Employees Grievance Board. Petitioner appeals the denial of her classification from Clerk II/Accountant II to Secretary III or Executive Secretary/Accountant II.

Petitioner filed a Level One Grievance on November 5, 2013, seeking reclassification to include Secretary III or Executive Secretary. A hearing was held on December 13, 2013, and Petitioner's grievance was denied on January 13, 2014. On January 24, 2014, Petitioner appealed to Level Two of the grievance procedure. On April 14, 2014, the Order of Unsuccessful Mediation was issued. On April 26, 2014, Petitioner appealed to Level Three of the grievance procedure. Following a hearing, the Administrative Law Judge ("ALJ") issued the Level Three Decision on or about October 30, 2014. The ALJ found that Petitioner's duties fit both the statutory definition and Respondent's job description for Clerk II/Accountant II and that the Petitioner is not a secretary Petitioner appeals this decision.

For the following reasons, this Court **DENIES** Petitioner's appeal and **AFFIRMS** the ALJ's Level Three Decision.

## Findings of Fact

1. Petitioner is employed as a Clerk II/Accountant II, a multiclassified position created by Respondent in 2013 to address similar duties needed on a half-time basis in both the Office of Food Services and the Office of Special Education. Grievant primarily works mornings in the Office of Food Services and afternoons in the Office of Special Education.

2. The Clerk II/Accountant II position held by Petitioner is unique in the county.

3. In addition to the statutory definitions of job classifications, Respondent has also adopted specific job descriptions.

4. The job description for Clerk II/Accountant II states in relevant part:

> A. Responsibilities:
> 1. To maintain accounting records and to be responsible for the accounting process associated with billing, budgets, purchasing, and related operations.
> 2. To perform general clerical task, prepare reports and tabulations and operate office machines.
>
> B. Relationship to Others:
> 1. Works under the direct supervision of their immediate supervisor.
> 2. Works cooperatively with all employees and public to ensure a smoothly functioning department.
>
> ...
> E. Functions and Duties:
> 1. Perform the usual office routines and practices associated with a busy yet productive and smoothly run office.
> 2. Prepare accurate reports and record keeping tasks required of the Food Service Office.
> 3. Assist the Food Service Coordinator in inventory maintenance of all Commodity food items and delivery of items to schools.
> 4. Assist the Food Service Coordinator in compiling, tabulating, and forwarding all invoices to the finance department in a timely manner.
> 5. Maintain a current list or database of students with disabilities that are Medicaid eligible.
> 6. Provide individual student Medicaid numbers to individual providers in a timely manner.

2

7. Secure prior Physician Authorization for school based services that require such authorization. File signed authorization in each individual student file and submit a copy to the appropriate provider.

8. Establish and maintain a database or similar system reflecting the various Medicaid services that each student can be billed for reimbursement.

9. Develop and maintain a matrix or other accountability system to document that providers bill for all Medicaid services for each student in a timely manner.

10. Maintain a file or database reflecting Medicaid reimbursement and denials by month, by year.

5.     The job description for Executive Secretary states in relevant part:

A. Responsibilities:
1. To serve as secretary to specific department /department head, assisting to assure that the office operates smoothly and efficiently.
2. Maintain lines of communication with all schools and departments.
3. Handle routine or emergency situations in the absence of the department head or other supervisors as required.
4. To assist department head and/or supervisor in various responsibilities of the department as directed. May include scheduling appointments, correspondence, and reports.

B. Relationship to Others:
1. Works under the direct supervision of the department head / director.
2. Works in a cooperative manner with all school personnel and the public toward the attainment of the goals and objectives of the school system.
3. Works cooperatively with other in department to maintain positive environment and to attain goals and objectives of the department.
...
E. Functions and Duties:
1. Preparation of correspondence and factual reports which require exercise of judgment and originality.
2. Participate in in-service training as directed by the department head and as deemed necessary by the Superintendent of schools.
3. Complete transcription and Dictaphone assignments as required.
4. Maintain open communication with central offices and schools.
5. Prepare requisitions and inventories of office supplies and materials.
6. Perform routine office duties as applicable to assignment, such as filing, placing & receiving phone calls, operation of FAX

3

machines, mail handling, duplication of forms & materials, maintenance of personnel records, scheduling of conferences & interviews, etc.

7. Perform other duties assigned by department head or as deemed necessary by the Superintendent of Schools or his designee.

6. In the Office of Food Services, Petitioner reports to Angela Prichard, who holds the dual classification of Executive Secretary/Food Service Coordinator. Ms. Prichard is not an administrator and reports to the Director of Food Services, Rhonda McCoy. Petitioner tabulates invoices and forwards them to the Finance Department for payment, inputs orders, maintains spreadsheets, keeps inventory and allocates commodities, and maintains files. Petitioner answers the telephone and deals with correspondence only as it relates to her duties, and not for Ms. Prichard.

7. In the Office of Special Education, Petitioner reports to the Director of Special Education, Jeremy Brunty. Petitioner is responsible for Medicaid billing. Petitioner maintains related databases, receives and reviews forms, completes billing through WVEIS, prepares reports, and files. Petitioner answers the telephone and deals with correspondence only as it relates to her duties, and not for Mr. Brunty, or the rest of the office. Petitioner does not serve as Director Brunty's secretary. Director Brunty has a secretary, Amy Adkins, who answers incoming calls, deals with correspondence, and does the scheduling for him.

### Standard of Review

This Court's review of a decision by the West Virginia Public Employees Grievance Board is governed by the standard of review outlined in West Virginia Code § 6C-2-5(b), which provides that:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;

4

(2) Exceeds the administrative law judge's statutory authority;
(3) Is the result of fraud or deceit;
(4) Is clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or
(5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

The Court shall "review the entire record that was before the administrative law judge." *See* W. Va. Code § 6C-2-5(c). Furthermore, a circuit court must show deference to findings of fact. *See Syl. pt. 2, Maikotter v. Univ. of W. Va. Bd. of Trs./W. Va. Univ.*, 206 W. Va. 691, 692, 527 S.E.2d 802,803 (1999). *See also Muscatell v. Cline*, 196 W. Va. 588, 474 S.E.2d 518, 525 (1996).

A final order of an ALJ, based upon findings of fact, should not be reversed unless clearly wrong. *See generally*, Syl. pt. 1, *Randolph Cnty. Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d 524 (1990).[1] With respect to the grievance proceedings below, the Petitioner bore the burden of proof because the grievance was not a disciplinary matter. *See* W. Va. Code R. § 156-1-3 (2008) (providing that "[t]he grievant bears the burden of proving the grievant's case by a preponderance of the evidence, except in disciplinary matters, where the burden is on the employer to prove that the action taken was justified").

The conclusions of law and application of the law to the facts are reviewed *de novo. See Cahill v. Mercer Cnty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000); *Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 465 S.E.2d 399 (1995).

---

[1] *See also Syl. pt. 1, Martin v. Randolph Cnty. Bd. of Educ.*, 195 W. Va. 297, 465 S.E.2d 399 (1995); *Syl. pt. 1, Bolyard v. Kanawha Cnty. Bd. of Educ.*, 194 W. Va. 134, 459 S.E.2d 411 (1995); *Syl. pt. 1, Ohio Cnty. Bd. of Educ. v. Hopkins*, 193 W. Va. 600, 457 S.E.2d 537 (1995); *Syl. pt. 3, Lucion v. McDowell Cnty. Bd. of Educ.*, 191 W. Va. 399, 446 S.E.2d 487 (1994); *Syl. pt. 1, W. Va. Dep't of Natural Res. v. Myers*, 191 W. Va. 72, 443 S.E.2d 229 (1994); *Syl. pt. 1, W. Va. Dep't of Health and Human Res./Welch Emergency Hosp. v. Blankenship*, 189 W. Va. 342, 431 S.E.2d 681 (1993); *Syl. pt. 3, Butcher v. Gilmer Cnty. Bd. of Educ.*, 189 W. Va. 253, 429 S.E.2d 903 (1993).

5

## Conclusions of Law

1. In her Petition, Petitioner alleges that the ALJ erred in determining that Petitioner was classified as a Clerk II/Accountant II rather than as a Secretary III/Accountant II or Executive Secretary/Accountant II. Petitioner argues that her duties more closely match the job and duties of a Secretary III or an Executive Secretary rather than the classification of a Clerk II.

2. The ALJ found that the Petitioner is not misclassified as an Accountant II/Clerk II and is not entitled to reclassification as a Secretary III or an Executive Secretary. Further, the ALJ found that the Petitioner failed to establish a basis for reversing the ALJ's Level Three Decision and for reclassifying her as a secretary rather than a clerk.

3. Boards of education are mandated to classify personnel according to their job duties. *Pasco v. Ohio Cnty. Bd. of Educ.*, Docket No. 00-35-032 (June 28, 2000); *Farrow v. Putnam Cnty. Bd. of Educ.*, Docket No. 97-40-029 (June 4, 1997).

4. Generally, in order to prevail in a misclassification grievance, the employee must establish that his or her duties more closely match those of another classification than that under which the employee's position is categorized. *Sammons/Varney v. Mingo Cnty. Bd. of Educ.*, Docket No. 96-29-356 (Dec. 30, 1996); *Savilla v. Putnam Cnty. Bd. of Educ.*, Docket No. 89-40-546 (Dec. 21, 1989).

5. "[S]imply because an employee is required to undertake some responsibilities normally associated with a higher classification, even regularly, does not render her misclassified *per se*. Carver v. Kanawha County Bd. of Educ., Docket No. 01-20-057 (Apr. 13, 2001)." *Robertson v. Wayne Cnty. Bd. of Educ.*, Docket No. 2009-0698-WayED (Aug. 6, 2009).

6. Petitioner makes no claim that the Accountant II portion of her multiclassification title is incorrect. Additionally, it is uncontroverted that the majority of the duties assigned to

6

Petitioner fall within that accountant classification title, defined by West Virginia Code § 18A-4-8(i) as follows: (5) *"Accountant II"* means a person employed to maintain accounting records and to be responsible for the accounting process associated with billing, budgets, purchasing and related operations.

7. Petitioner does not dispute the appropriateness of the Accountant II portion of her multiclassified title; therefore, this Court will only review the appropriateness of Petitioner's classification as a Clerk II.

8. Turning to the minority portion of Petitioner's job duties, an examination of the definitions found in West Virginia Code § 18A-4-8 of secretary and clerk reveals that the job duties of a secretary and a clerk overlap, as found by the ALJ.

9. The ALJ appropriately found that, although Petitioner performs those overlapping duties, she does not perform the distinguishing duties of secretaries over clerks.

10. The ALJ evaluated all of the duties of Petitioner in order to determine within which classification titles the duties are most closely aligned, because, in order to prevail, Petitioner must establish that her duties and responsibilities more closely fit the requested secretary classification rather than the existing clerk classification.

11. Petitioner argues that she is assigned to central office administrators and, as a result, she is automatically entitled to the title of Secretary III, which is defined as:

> a person assigned to the county board office administrators in charge of various instructional, maintenance, transportation, food services, operations and health departments, federal programs or departments with particular responsibilities in purchasing and financial control or any person who has served for eight years in a position which meets the definition of secretary II or secretary III

W. Va. Code § 18A-4-8(i)(83).

7

12. However, Petitioner is only assigned to a county board office administrator, the Director of Special Education, for a portion of her day. The other portion of her day, in food services, Petitioner works under an Executive Secretary/Coordinator, who is directly supervised by the Director of Food Services.

13. Additionally, the definition of Secretary III and Executive Secretary must be read in conjunction with the definitions of Secretary I and II in order to glean the characteristics of the secretary series.

14. Thus, standing alone, the title of one's supervisor as a central office administrator does not, in and of itself, determine whether the employee should be classified as a Secretary III or Executive Secretary. Rather, the duties of the employee must first meet the duties outlined in the lower secretary definitions. Only then does the inquiry turn to the location and supervisory title and role of the employee. To hold otherwise would mean that any employee, regardless of their tasks, could claim to be an Executive Secretary if they were directly supervised by a Director.

15. According to West Virginia Code § 18A-4-8(i):

(45) *"Executive secretary"* means a person employed as secretary to the county school superintendent or as a secretary who is assigned to a position characterized by significant administrative duties;

(81) *"Secretary I"* means a person employed to transcribe from notes or mechanical equipment, receive callers, perform clerical tasks, prepare reports and operate office machines;

(82) *"Secretary II"* means a person employed in any elementary, secondary, kindergarten, nursery, special education, vocational, or any other school as a secretary. The duties may include performing general clerical tasks; transcribing from notes; stenotype, mechanical equipment or a sound-producing machine; preparing reports; receiving callers and referring them to proper persons; operating office machines; keeping records and handling routine

8

correspondence. Nothing in this subdivision prevents a service person from holding or being elevated to a higher classification;

> (83) *"Secretary III"* means a person assigned to the county board office administrators in charge of various instructional, maintenance, transportation, food services, operations and health departments, federal programs or departments with particular responsibilities in purchasing and financial control or any person who has served for eight years in a position which meets the definition of secretary II or secretary III.

16. The ALJ properly concluded that Petitioner's duties were more closely aligned with the Clerk classification rather than the Secretary III or Executive Secretary classification.

17. Although Petitioner performs some tasks that secretaries perform, clerks perform the same tasks. Petitioner does not perform the tasks that distinguish one as a secretary, such as receiving callers, transcription, and handling routine correspondence. Indeed, Petitioner only receives calls and handles correspondence related to her specific tasks. Accordingly, Petitioner failed to meet her burden to prove that she was misclassified as an Accountant II/Clerk II.

18. Further, this Court reviews the conclusions of law and application of the law to the facts *de novo. See Cahill,* 208 W. Va. 177, 539 S.E.2d 437; *Martin,* 195 W. Va. 297, 465 S.E.2d 399. Although the issue of timeliness was raised by Respondent, the ALJ did not address the issue in the Level Three Decision; therefore, this Court will abstain from addressing the merits of the Respondent's timeliness argument.

For the reasons set forth above, this Court **ORDERS** that the Decision, dated October 30, 2014, is hereby incorporated by reference and **AFFIRMED.** The Court further **ORDERS** that this action be **DISMISSED** from the docket of this Court. The objections of the parties to this Order are hereby noted and preserved.

It is further **ORDERED** that the Clerk of this Court send a certified copy of this Order to all counsel of record.

9

**ENTERED** this ___12th___ day of ___January___, 2016.

_____Jennifer F. Bailey_____
Jennifer F. Bailey, Judge

STATE OF WEST VIRGINIA
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT.
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS 15
DAY OF ___January 2016___
___Cathy S Gatson___ CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

10

## CERTIFICATE OF SERVICE

I, John Everett Roush, Esq., counsel for the Petitioner, hereby certify that I have filed the original and five copies of the foregoing "Notice of Appeal to the West Virginia Supreme Court of Appeals Filed on Behalf of Petitioner Heather E. Stewart" on the following by hand delivery, this the 8th day of February, 2016 to:

Rory L. Perry, II, Clerk of the Court
West Virginia Supreme Court of Appeals
State Capitol Complex
1900 Kanawha Boulevard East
Charleston, WV 25305

Further, I John Everett Roush, Esq., counsel for Petitioner, certify that I have served a true copy of the foregoing "Notice of Appeal to the West Virginia Supreme Court of Appeals Filed on Behalf of Petitioner Heather E. Stewart" on the following by placing the same in a properly addressed envelope, First Class Postage Prepaid, in the United States Mails, on this the 8h day of February, 2016, to:

Rebecca Tinder., Esq.
Bowles Rice, LLP
PO Box 1386
Charleston, WV 25325-1386

Cathy Gatson, Clerk
Circuit Court of Kanawha County
Kanawha County Judicial Annex
111 Court Street
Charleston, WV 25301

John Everett Roush, Esq.
Legal Services
West Virginia School Service Personnel Association
1610 Washington Street East
Charleston, WV 25311
Telephone # 304-346-3544
State Bar ID # 3173