**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Bonita Redd,**
**Petitioner Below, Petitioner**

**vs.) No. 21-0635** (Kanawha County 21-AA-7)

**McDowell County Board of Education,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Self-represented petitioner Bonita Redd appeals the July 9, 2021, order of the Circuit Court of Kanawha County affirming the January 19, 2021, order of the West Virginia Public Employees Grievance Board ("Grievance Board") denying her grievance challenging the "below standard" ratings she received for the categories of "policy and procedure" and "respect" during her 2019 year-end summative performance evaluation. Respondent McDowell County Board of Education, by counsel Howard E. Seufer, Jr. and Joshua A. Cottle, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner works as a teacher at Welch Elementary School. On June 3, 2019, the elementary school principal prepared petitioner's 2019 year-end summative performance evaluation and discussed the evaluation with petitioner. The principal gave petitioner a summative rating of "emerging," which is defined as "teaching that demonstrates knowledge and skills to implement essential elements albeit not always successfully at times."

Petitioner's summative rating of "emerging" reflects the ratings the principal gave petitioner in eighteen categories regarding petitioner's teaching performance, which were: "accomplished" in one category, "emerging" in fifteen categories, and "below standard" in two

1

categories. Accordingly, the principal provided petitioner a summative rating that represented the rating petitioner received in a substantial majority of categories, unaffected by the two "below standard" ratings she received in the categories of "policy and procedure" and "respect."

The principal gave Petitioner "below standard" ratings in the categories of "policy and procedure" and "respect" due to an incident that occurred at a May 30, 2019, awards assembly in which petitioner participated with her third and fourth grade students in the presence of other students, parents, and faculty. While presenting the students with awards, petitioner addressed four of her highest achieving students regarding their difficult and talkative behavior throughout the school year. Petitioner told the students that they always had to get the last word but that she would get the last word that day. Petitioner also asked the mother of one of the students if the student was equally difficult at home. Petitioner's remarks embarrassed the students and offended at least one of their parents, who complained about petitioner's conduct.

Neither the principal nor respondent disciplined petitioner because of her comments at the May, 30, 2019, awards assembly. Moreover, as indicated above, the two "below standard" ratings petitioner received in "policy and procedure" and "respect" did not affect the summative "emerging" rating the principal provided for petitioner's 2019 year-end summative performance evaluation.

Nevertheless, on June 24, 2019, petitioner filed a grievance with the Grievance Board, challenging the "below standard" ratings she received for the categories of "policy and procedure" and "respect." Following a July 11, 2019, Level I grievance hearing,[1] the McDowell County Superintendent of Education, by a decision entered on August 6, 2019, denied petitioner's grievance. The parties participated in mediation during the Level II grievance proceeding that was not successful. Thereafter, the parties appeared at a Level III hearing before the Grievance Board on November 5, 2020. The Grievance Board, by an order entered on January 19, 2021, denied petitioner's grievance.

On February 19, 2021, petitioner filed an appeal of the Grievance Board's January 19, 2021, order in the Circuit Court of Kanawha County.[2] On April 19, 2021, petitioner filed a memorandum of law in support of her appeal. Respondent filed a response on May 17, 2021, and petitioner filed a reply on June 1, 2021. The circuit court, by an order entered on July 9, 2021, affirmed the Grievance Board's denial of petitioner's grievance.

Petitioner now appeals the circuit court's July 9, 2021, order affirming the Grievance Board's decision. "A final order of the [Grievance Board], made pursuant to W. Va. Code[ §§ 6C-2-1 through 6C-2-8], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. Pt. 3, *Armstrong v. W. Va. Div. of Culture and History*, 229 W. Va. 538, 729 S.E.2d 860 (2012) (quoting Syl. Pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W. Va. 289, 387 S.E.2d

---

[1]The grievance process consists of three levels. *See* W. Va. Code § 6C-2-4.

[2] West Virginia Code § 6C-2-5(c) provides that any appeals from orders of the Grievance Board shall be filed in the Circuit Court of Kanawha County.

524 (1989)). In Syllabus Point 1 of *Darby v. Kanawha County Board of Education*, 227 W. Va. 525, 711 S.E.2d 595 (2011), we held that:

> "[g]rievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed de novo." Syllabus Point 1, *Cahill v. Mercer County Bd. of Educ.*, 208 W.Va. 177, 539 S.E.2d 437 (2000).

On appeal, petitioner argues that the circuit court erred in affirming the Grievance Board's denial of her grievance. Respondent counters that the circuit court properly upheld the Grievance Board's order. Respondent further argues that this Court should decline to review any issue that petitioner has failed to adequately raise on appeal.

We find that petitioner's arguments have never been well-organized or clearly stated at any level of this case. In its January 19, 2021, order, the Grievance Board found that petitioner had abandoned several issues by "not providing any evidence [to support those issues] or even mentioning them during the [Level III] hearing or in her [proposed findings of fact and conclusions of law]." The circuit court similarly declined to review the twenty-five issues raised in petitioner's petition for appeal, finding that the petition set forth bare assertions unsupported by pertinent authorities or citations to the record. While the circuit court reviewed the issues raised in petitioner's memorandum of law, the circuit court liberally construed those arguments because, although the memorandum of law set forth six "[q]uestions presented," the circuit court addressed eleven issues, including petitioner's argument that it improperly cancelled a hearing set for June 9, 2021, hearing without written notice. *See State ex rel. Dillon v. Egnor*, 188 W. Va. 221, 227, 423 S.E.2d 624, 630 (1992) ("When a litigant chooses to represent [her]self, it is the duty of the trial court [and this Court] to insure fairness, allowing reasonable accommodations for the pro se litigant so long as no harm is done an adverse party[.]" (Internal quotations and citations omitted.).

In *Franklin v. Pence*, 128 W. Va. 353, 36 S.E.2d 505 (1945), we found that the assignments of error in that case failed to clearly delineate "the exact points relied upon for reversal" and relied upon "statements in the brief" that were "considered as indicating the main grounds of attack[.]" *Id.* at 356, 36 S.E.2d at 508. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides:

> *Argument:* The brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Therefore, pursuant to Rule 10(c)(7), we find that petitioner's assignments of error, as best as this Court can understand them, correspond to the eleven issues reviewed and rejected by the circuit court.[3]

Having reviewed the circuit court's July 9, 2021, "Final Order," we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions, which we find address petitioner's assignments of error. The Clerk is directed to attach a copy of the July 9, 2021, order to this memorandum decision. Accordingly, we conclude that the circuit court did not err in affirming the Grievance Board's denial of petitioner's grievance.

For the foregoing reasons, we affirm the circuit court's July 9, 2021, order affirming the Grievance Board's January 19, 2021, order.[4]

Affirmed.

**ISSUED:** May 12, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[3]While petitioner clearly argues on appeal that the circuit court judge who presided in this case should have been disqualified due to an alleged conflict of interest, we decline to review that issue, pursuant to Rule 10(c)(7), because petitioner never raised it with the circuit court. As we have held, "[t]his Court will not pass on a non[-]jurisdictional question which has not been decided by the trial court in the first instance." Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958).

[4]Petitioner argues that Justice Elizabeth D. Walker should be disqualified due to an alleged conflict of interest. We find this argument should have been made not in petitioner's appellate brief, but in a motion for disqualification pursuant to Rule 33 of the West Virginia Rules of Appellate Procedure. That rule provides, in pertinent part, that "[t]he motion shall be addressed to the Justice whose disqualification is sought and shall state the facts and reasons for disqualification[.]" W. Va. Rul. App. Proc. 33(d) (Footnote added.); Syl. Pt. 1, *State ex rel. Cohen v. Manchin*, 175 W. Va. 525, 336 S.E.2d 171 (1984) ("Where a motion is made to disqualify or recuse an individual justice of this Court, that question is to be decided by the challenged justice and not by the other members of this Court."). Accordingly, because petitioner failed to file a motion pursuant to Rule 33, we find that she has waived this issue.