483 S.E.2d 566

**Lotus M. ROSE, Jo Lee Daniels, Frances O. Carpenter, Jienell Gilkerson, Sandra Boland, Wilhemina Goins, Sue Swepston, Deanna Arthur, Joann Wickline, Ruth Hurt, Alma Willis, Frances Bair, Sarah Moye, Yvonee Pack, Ann Cole, Herbert Claypool, Fletcher Parker, Jr., Robin Rife, Sally Young, Jacquelyn Milam, Gloria Freeman, Kethel Holley, Sharon Walker, Frances Thompson and Dorothy Massie, Plaintiffs Below, Appellants**

v.

**RALEIGH COUNTY BOARD OF EDUCATION, Defendant Below, Appellee.**

No. 23450.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 22, 1997.

Decided Feb. 24, 1997.

John Everett Roush, Charleston, for Appellant.

Erwin L. Conrad, Conrad Law Offices, Fayetteville, for Appellee.

PER CURIAM:

This is an appeal by Lotus Rose, and certain other Raleigh County school service personnel, from decision of the Circuit Court of Kanawha County denying them relief on a grievance which they filed against the Raleigh County Board of Education. The circuit court denied the grievance on the ground that it was not timely filed. On appeal, the appellants claim that the circuit court, in concluding that the grievance was not timely filed, improperly found that the time for filing the grievance commenced running on April 6, 1994, and that the circuit court consequently erred in denying them relief. We disagree, and accordingly, we affirm the judgment of the circuit court.

For many years the Raleigh County Board of Education provided the appellants, who were central office school service employees, with a special summer schedule. Under this special schedule the central office was closed on Wednesday afternoons during the summer, and the appellants who worked in it, had Wednesday afternoons off. In exchange for the time off, the appellants received a lower county supplement to their pay than other school service personnel employees who were required to work on Wednesday afternoons during the summer.

In 1994 the Raleigh County Board of Education undertook to reexamine the special summer schedule, and, as a consequence, by letter dated March 3, 1994, the Superintendent of Schools notified the appellants that he had recommended to the School Board that their 1994–95 contracts be terminated and be supplanted with new contracts under which they would be required to work on Wednesday afternoons. In effect, he notified them that he was proposing the termination of the special summer schedule. The notice also advised the appellants that they could appear before the next scheduled School Board meeting and present their views and/or evidence on the matter.

The appellants appeared at the Board's March 28, 1994, meeting and were afforded a full opportunity to comment on and argue against the proposal to eliminate the special summer schedule. At that meeting the Board, in spite of the appellants' position, voted to eliminate the special summer schedule and to place the appellants on a "full day on Wednesday" summer schedule.

By letter dated April 6, 1994, the Superintendent of Schools formally notified the appellants of the Board's action.

In a June 7, 1994, memorandum the Superintendent announced the actual summer schedule for all central office employees. This schedule effectively eliminated the appellants' entitlement to Wednesday afternoons off effective July 1, 1994.

Within fifteen (15) days after receiving the Superintendent's June 7, 1994, memorandum, the appellants filed a grievance under the grievance procedure established in W.Va. Code § 18–29–1, et seq. By this time, two months had passed since the April 6, 1994, notice notifying the appellants of the decision of the Raleigh County Board of Education to eliminate the special summer schedule.

The case progressed to level two of the grievance procedure, and at level two, the Board of Education raised the issue of whether the grievance was timely filed. The grievance evaluator concluded that it was and denied the appellants' entitlement to Wednesday afternoons off.

The development of the case continued, and the appellants appealed the grievance decision to level four. A supplemental hearing was held at that level. By decision dated November 29, 1994, the administrative law judge at level four, denied the grievance on the basis that it was not timely filed at level one. He did not address the merits of the grievance.

The appellants then appealed the grievance ruling to the Circuit Court of Kanawha County, and by order entered November 8, 1995, the circuit court, after reviewing the questions presented, affirmed the November 29, 1994, decision of the administrative law judge who rendered the level four decision. In so doing the circuit court concluded that the event which triggered the running of the limitations period was the April 6, 1994, letter of the Raleigh County Superintendent of Schools notifying the appellants of the Board's decision to eliminate the special sum-

mer schedule rather than the June 7, 1994, memorandum notifying the appellants of the actual new schedule.

█ In syllabus point 1 of *Randolph County Board of Education v. Scalia,* 182 W.Va. 289, 387 S.E.2d 524 (1989), this Court stated:

"A final order of the hearing examiner for the West Virginia Educational Employees Grievance Board, made pursuant to W.Va. Code, 18–29–1, *et seq.* (1985), and based upon findings of fact, should not be reversed unless clearly wrong."

See also *Parham v. Raleigh County Board of Education,* 192 W.Va. 540, 453 S.E.2d 374 (1994).

This principle, in this Court's view, should govern the consideration and review of the issue in the present case.

█ In the present case the hearing examiner specifically found that the decision which forms the basis of the appellants' grievance was made at the March 28, 1994, meeting of the Raleigh County Board of Education at which the appellants appeared and at which they were afforded a full opportunity to comment on and argue against the proposal. He further noted that by letter dated April 6, 1994, the Superintendent of Schools formally advised the appellants of the Board's action. Lastly, he found that the Superintendent's "June 7, 1994 memorandum was merely an additional confirmation of the Board's decision and not the event upon which the claims are based." The hearing examiner also noted that W.Va.Code § 18–29–4(a)(1), provides that an employee must file a grievance within fifteen days following the occurrence of the event upon which the grievance is based, and he concluded the event in the present case was the board of education's decision to eliminate the special summer schedule. He found that the appellants were notified of this decision no later than April 6, 1996, and he concluded that since the appellants' grievance was not filed within fifteen days following April 6, 1996, it was not timely filed under W.Va.Code § 18–29–4(a)(1).

The hearing examiner was correct in concluding that a grievance must be filed within fifteen days following the occurrence of the event upon which the grievance is based. *See e.g., Spahr v. Preston County Board of Education,* 182 W.Va. 726, 391 S.E.2d 739 (1990). Further this Court cannot conclude that the hearing examiner was clearly wrong in holding in the case presently under consideration that the limitation period began to run when the appellants were clearly notified of the decision to eliminate the special summer schedule, for in similar administrative proceedings the running of the relevant time period is ordinarily deemed to begin to run when the employee is unequivocally notified of the decision. *See, e.g. Naylor v. West Virginia Human Rights Commission,* 180 W.Va. 634, 378 S.E.2d 843 (1989). Nor can the Court conclude that the hearing examiner's finding that the appellants were notified on April 6, 1996, of the board's decision was clearly wrong since the April 6, 1996, letter of the Raleigh County Superintendent of Schools clearly stated:

At the March 28, 1994 special meeting, the Raleigh County Board accepted my recommendation to modify your contract in order to revise your summer work schedule to reflect a full day on Wednesdays. This modification is being made in order to eliminate the possibility of unequal treatment of similarly situated employees. Such an amendment to one's work schedule can be construed to be a change in the terms of one's contract and thus require notice under the provisions of West Virginia Code 18A–2–6.

Since in this Court's view, the decision of the hearing examiner in this case, which was affirmed by the Circuit Court of Kanawha County, was not clearly wrong, syllabus point 1 of Randolph County Board of Education v. Scalia, *supra,* requires that the judgment of the circuit court be affirmed.

The judgment of the Circuit Court of Kanawha County is, therefore, affirmed.

Affirmed.