IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2020 Term

_____

Nos. 18-0929 and 18-0932

_____

FILED
March 20, 2020
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

WEST VIRGINIA DIVISION OF HIGHWAYS and TERRA GOINS,
Petitioners

v.

MICHAEL POWELL,
Respondent

_____

Appeal from the Circuit Court of Kanawha County
Honorable Joanna I. Tabit, Judge
Civil Action No. 17-AA-15

REVERSED AND REMANDED WITH DIRECTIONS

_____

Submitted:  March 4, 2020
Filed:  March 20, 2020

Patrick Morrisey, Esq.
Attorney General
William C. Ballard, Esq.
Assistant Attorney General
Charleston, West Virginia
Attorneys for Division of Highways

Brian J. Headley, Esq.
Jonathan K. Matthews, Esq.
Headley Ballard, LLC
Mount Pleasant, South Carolina
Attorneys for Terra Goins

Paul M. Stroebel, Esq.
Stroebel & Johnson, PLLC
Charleston, West Virginia
Attorney for Respondent

JUSTICE HUTCHISON delivered the Opinion of the Court.

JUSTICE WORKMAN, deeming herself disqualified, did not participate in the decision of this opinion.

JUDGE NINES, sitting by temporary assignment.

SYLLABUS BY THE COURT

1.      For the purpose of timely filing a grievance under W. Va. Code § 6C-2-4(a)(1) (2008), the applicable time period is ordinarily deemed to begin to run when the employer unequivocally notifies the employee of the grievable decision.

2.      "[West Virginia Code § 6C-2-4(a)(1) [2008]], contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows of the facts giving rise to a grievance."  Syllabus, *Barthelemy v. W. Virginia Div. of Corr., Pruntytown Corr. Ct*r., 207 W. Va. 601, 535 S.E.2d 200 (2000).

3.      The time period for filing an employment selection grievance under W.Va. Code § 6C-2-4(a)(1) (2008) begins when the grievant is unequivocally notified of the selection decision by the employer, not when the grievant discovers facts about the person selected for the position.

i

**Hutchison, Justice:**

This matter was brought as separate appeals by the West Virginia Division of Highways and Terra Goins (hereinafter collectively "Petitioners" or individually "DOH" and "Ms. Goins") from a September 19, 2018, order of the Circuit Court of Kanawha County.[1]  The circuit court's order reversed a decision of the West Virginia Public Employees Grievance Board (hereinafter "Grievance Board") that had dismissed, as untimely filed, a grievance filed by Michael A. Powell (hereinafter "Respondent").  In this appeal, the Petitioners argue that the circuit court improperly applied the discovery rule to Respondent's grievance or, alternatively, the circuit court improperly awarded Respondent relief on the merits of his grievance.  Upon careful review of the briefs, the appendix records, the arguments of the parties, and the applicable legal authority, we reverse.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

The record in this case indicates that on February 23, 2015, DOH posted a vacancy in the Highway Engineer classification.  On April 14, 2015, Ms. Goins, Respondent and three other applicants were interviewed for the position.  Subsequent to the interview process, DOH determined that the top two candidates for the position were Ms. Goins and an applicant named Josh Anderson.  Ultimately DOH selected Ms. Goins

---

[1] This Court consolidated the separately filed appeals.

1

for the position. On June 29, 2015, DOH informed Respondent in writing that he was not selected for the position. The Respondent learned "shortly thereafter" that Ms. Goins was given the position.

It is alleged that on November 4, 2015, Ms. Goins visited the office where the Respondent worked. While at the office, it appears that they had a conversation in which Respondent questioned Ms. Goins about her work experience. Based upon that conversation, Respondent formed the opinion that Ms. Goins was not qualified for the Highway Engineer position. As a result of this belief, Respondent filed a grievance on November 20, 2015. In that grievance, Respondent alleged Ms. Goins did not meet the requirements for the position and should not have been appointed to the position. The Respondent requested that he be awarded the position, with backpay for the salary increase the position offered.

A Level One grievance proceeding was held on December 10, 2015.[2] Subsequent to the proceeding, on December 15, 2015, the Level One Grievance Evaluator issued a decision denying relief to the Respondent. The Grievance Evaluator denied relief

---

[2] Ms. Goins was permitted to intervene in the grievance. *See* W.Va. Code § 6C-2-3(f) (2008) ("Upon a timely request, any [public] employee may intervene and become a party to a grievance at any level when the employee demonstrates that the disposition of the action may substantially and adversely affect his or her rights or property and that his or her interest is not adequately represented by the existing parties.").

on the grounds that Respondent's grievance was not timely filed as required by law. The grievance then went to Level Two for mediation. The mediation was ultimately unsuccessful. The Respondent thereafter appealed to Level Three. A Level Three hearing was conducted before a Grievance Board administrative law judge (hereinafter "ALJ") on October 14, 2016. The ALJ issued an order on February 8, 2017, that granted DOH's motion to dismiss the grievance as untimely filed.[3]

The Respondent filed an appeal to the circuit court. After reviewing the record in the case and listening to oral arguments, the circuit court issued an order on September 19, 2018, reversing the ALJ's decision. The circuit court's order found that the grievance was timely filed under the discovery rule. The order also determined that the Respondent was qualified for the Highway Engineer position, but that Ms. Goins was not qualified. The order awarded the position to Respondent with backpay. The Petitioners thereafter filed their respective appeals to this Court.

## II.

### STANDARD OF REVIEW

This case comes to this Court from an order by the circuit court that reversed a decision of a Grievance Board ALJ. "This Court reviews decisions of the circuit court

---

[3] The order did not address the merits of Respondent's grievance.

3

under the same standard as that by which the circuit court reviews the decision of the ALJ."

*Martin v. Randolph County Bd. of Educ.*, 195 W. Va. 297, 304, 465 S.E.2d 399, 406 (1995) (internal quotation marks and citation omitted). We have succinctly articulated this standard as follows:

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed *de novo*.

Syl. pt. 1, *Cahill v. Mercer Cty. Bd. of Educ.*, 208 W. Va. 177, 539 S.E.2d 437 (2000). *See* W. Va. Code § 6C-2-5(b) (2007). Finally, we have indicated that "[a] final order of the hearing examiner for the West Virginia [Public] Employees Grievance Board, made pursuant to W.Va. Code, [6C–2–1], et seq. [2008], and based upon findings of fact, should not be reversed unless clearly wrong." Syl. pt. 1, *Randolph County Bd. of Educ. v. Scalia*, 182 W.Va. 289, 387 S.E.2d 524 (1989). With the foregoing in mind, we turn to the parties' arguments.

## III.

## DISCUSSION

The first issue raised by the Petitioners is their contention that the circuit court erred in reversing the ALJ's determination that the Respondent's grievance was

4

untimely filed. The Respondent argues that the circuit court properly found that his grievance was timely filed under the discovery rule.

The time periods for a public employee to file a grievance are set out under W. Va. Code § 6C-2-4(a)(1) (2008), in part, as follows:

> Within fifteen days following the occurrence of the event upon which the grievance is based, or within fifteen days of the date upon which the event became known to the employee, or within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance[.][4]

We have previously made the following observations regarding the first two provisions of this statute.[5] With respect to the first provision, we have said that under this provision "[t]he running of the relevant time period is ordinarily deemed to begin to run when the employee is unequivocally notified of the decision." *Lewis Cty. Bd. of Educ. v. Holden*, 234 W. Va. 666, 673, 769 S.E.2d 282, 289 (2015), quoting, *Rose v. Raleigh Cnty. Bd. of*

---

[4] West Virginia Code § 6C–2–2(c) (2008) defines "days" as "working days exclusive of Saturday, Sunday, official holidays and any day in which the employee's workplace is legally closed under the authority of the chief administrator due to weather or other cause provided for by statute, rule, policy or practice."

[5] The Respondent has argued that the third provision of the statute, the "continuing practice" exception, also applies. Neither the ALJ nor the circuit court addressed this exception in their orders. We decline to address the matter for the first time on appeal. See *Whitlow v. Bd. of Educ. of Kanawha Cty.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993) ("Our general rule ... is that, when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal. ... The rationale behind this rule is that when an issue has not been raised below, the facts underlying that issue will not have been developed in such a way so that a disposition can be made on appeal.").

*Educ.*, 199 W. Va. 220, 222, 483 S.E.2d 566, 568 (1997). *See Gullet v. Department of Health and Human Resources*, Docket No. 2019-1781-DHHR, 2020 WL 757790, at *2 (January 23, 2020) ("The time period for filing a grievance ordinarily begins to run when the employee is 'unequivocally notified of the decision being challenged.'"). In light of our previous ruling on the issue, we now hold that for the purpose of timely filing a grievance under W. Va. Code § 6C-2-4(a)(1) (2008), the applicable time period is ordinarily deemed to begin to run when the employer unequivocally notifies the employee of the grievable decision. With regards to the second provision of the statute, we have definitively held that "[West Virginia Code § 6C-2-4(a)(1) [2008]], contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows of the facts giving rise to a grievance." Syllabus, *Barthelemy v. W. Virginia Div. of Corr., Pruntytown Corr. Ctr.*, 207 W. Va. 601, 535 S.E.2d 200 (2000). *See* Syl. pt. 1, *Spahr v. Preston Cty. Bd. of Educ.*, 182 W. Va. 726, 391 S.E.2d 739 (1990) ("W.Va. Code, 18-29-4(a)(1) (1985) [repealed], contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows of the facts giving rise to a grievance.").[6]

---

[6] The decision in *Barthelemy* was construing a discovery rule provision that was contained in W. Va. Code § 29-6A-4(a), concerning State employees, and the decision in *Spahr* was examining an identical discovery rule provision contained in W.Va. Code § 18-29-4(a)(1), concerning education employees. Those two discovery rule provisions were

In the instant proceeding, DOH informed the Respondent on June 29, 2015, that he was not selected for the Highway Engineer position. Insofar as the Respondent's grievance was based upon his non-selection for that position, under W. Va. Code § 6C-2-4(a)(1) he had fifteen working days to file his grievance, from the date he received notice from DOH of his non-selection. The parties do not dispute the fact that the Respondent failed to file his grievance within fifteen working days after he was "unequivocally" informed of his non-selection for the position by DOH on June 29, 2015. Consequently, the only relevant issue is whether the discovery rule applied to the facts of this case.

The ALJ rejected application of the discovery rule based upon the following reasoning:

> In applying the discovery rule the Grievance Board has held that a grievant has a responsibility to act reasonably to discover the facts underlying the basis of his grievance.
>
> ***
>
> [A] grievant may not fail to reasonably investigate a grievable event and then, at a later time, claim that he or she did not know the underlying circumstances of the grievable event. Specifically, in non-selection cases the Grievance Board has routinely held an employee is obligated to file his or her claim

repealed in 2007, and reenacted in W. Va. Code § 6C-2-4(a)(1). Either case may be cited as setting out the statutory grievance discovery rule. *See Smith v. Hancock County BOE*, Docket No. 07-15-329, 2007 WL 4157180, at *3 n.1 (October 22, 2007) ("In 2007 the Legislature abolished the West Virginia Education and State Employees Grievance Board, replacing it with the Public Employees Grievance Board. W. Va. Code §§ 18-29-1 to 18-29-11 and W.Va. Code §§ 29-6A-1 to 29-6A-12 were repealed and replaced by W. Va. Code §§ 6C-2-1 to 6C-2-7 and W. Va. Code §§ 6C-3-1 to 6C-3-6 (2007).").

within the applicable time period after being informed that he/she has not been selected for the position. Otherwise, there would be virtually no finality to hiring decisions leaving employees and agencies in limbo unnecessarily.

Grievant was unequivocally notified that he was not selected for the position on June 29, 2015. He was required to file his grievance within fifteen working days of that date. Had he done that he would have been entitled, through discovery, to learn the reasons for the selection of the successful candidate. (Internal quotation marks and citations omitted.)

The circuit court rejected the reasoning of the ALJ and found that the discovery rule was satisfied based upon the following:

Appellant, Michael Powell, testified that he filed his grievance promptly upon learning of Terra Goins', the successful applicant, failure to meet the minimum qualifications for the position of Highway Engineer. This was learned through a discussion with Intervenor/Appellee Goins.

***

[T]his Court concludes that Appellant was justified in filing his grievance within fifteen days of learning from the Intervenor/Appellee herself that she did not meet the minimum qualifications.

Upon review, we find that the circuit court misapplied the discovery rule. The decisions in *Spahr* and *Barthelemy* illustrate a proper application of the discovery rule. In *Spahr*, the Preston County Board of Education and the West Virginia Education Association (WVEA) had entered into an agreement in 1982, that provided for a salary supplement for vocational education teachers and teachers who taught business courses. As a result of an administrative oversight, the names of three business course teachers

8

(grievants) were not included on the list to receive the supplemental pay. In 1986, the grievants heard rumors that other business course teachers received the pay supplement. Upon hearing the rumors, the grievants wrote to the county school superintendent in March and May of 1986, in an effort to determine the truth of the rumors, but never received a response. The grievants subsequently arranged to meet with their WVEA representative to inquire about their entitlement to the salary supplement. The WVEA representative informed the grievants that he believed they were entitled to the supplement. The grievants thereafter filed their pay grievance within fifteen days of meeting with the WVEA representative. The lower tribunals found that the grievances were timely filed. On appeal, this Court upheld the decision that the grievances were timely filed under the discovery rule:

> [The statute] contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows of the facts giving rise to a grievance.
>
> ***
>
> In this case, the teachers' initial letters to the superintendent cannot be characterized as demonstrating actual knowledge of the facts constituting their grievance. The teachers did not know of their entitlement to the supplement until they met with the WVEA representative. Consequently, we find that the grievance was timely filed.

*Spahr*, 182 W. Va. at 729, 391 S.E.2d at 742.

9

In *Barthelemy* two State employee grievants completed a training program. At the completion of the training program the grievants were told that if they were going to receive a raise for completing the program, it would take effect 30 to 60 days after they completed the program. None of the paychecks the two grievants received during the 60 day period contained an increase in wages. Subsequent to the expiration of the 60 days, the two grievants filed grievances alleging that they were wrongfully denied a wage increase. The lower tribunals dismissed the grievances as untimely filed. On appeal to this Court, we found that the two grievants timely filed their grievances under the discovery rule that was applicable to State employees:

> W. Va. Code, 29-6A-4(a)[1998] governs the time limits for most state and county employees (specifically excluding employees of county school boards and other educational institutions) for instituting a grievance, providing that:
>
>> Within ten days following the occurrence of the event upon which the grievance is based, or within ten days of the date on which the event became known to the grievant, or within ten days of the most recent occurrence of a continuing practice giving rise to a grievance, the grievant or the designated representative, or both, may file a written grievance with the immediate supervisor of the grievant.
>
> A statute nearly identical to W. Va. Code, 29-6A-4(a) is the statute governing grievance procedures for employees of our educational systems. Grievances filed by employees of the various county boards of education and other educational institutions are governed by W. Va. Code, 18-29-1 *et seq.*, with time limits for the filing of grievances provided for in W.Va. Code, 18-29-4(a)(1)[1995]. In applying the time requirements of this statute with respect to educational employees, we have stated:

10

> W.Va. Code, 18-29-4(a)(1)(1985), contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows the facts giving rise to a grievance.

Syllabus Point 1, *Spahr v. Preston County Board of Education*, 182 W.Va. 726, 391 S.E.2d 739 (1990).

\*\*\*

The DOC argues that the 60 days referenced in their memoranda began running on July 10, 1998, and expired on September 10, 1998. The DOC further argues that the appellants should have known from their September 15, 1998 paychecks that their salary had not been increased. Using either date, the grievances were not filed within the required 10 working days.

We are not persuaded by the appellee's argument. No evidence was presented indicating that the appellants knew they had been denied the 5 percent raise until after their September 30, 1998 paychecks; the evidence is to the contrary.

Therefore, as we have for educational employees under W.Va. Code, 18-29-4(a)(1)[1995], we find that W.Va. Code, 29-6A-4(a)[1998] contains a discovery rule exception to the time limits for instituting a grievance. Under this exception, the time in which to invoke the grievance procedure does not begin to run until the grievant knows of the facts giving rise to a grievance.

Applying this holding to the facts of this case, the appellants did file their grievance within 10 business days after receipt of their September 30, 1998 paychecks, the time that the appellants first knew of the facts giving rise to a grievance.

*Barthelemy*, 207 W. Va. at 604-605, 535 S.E.2d at 203-204.

11

The discovery rule standard applied by the circuit court in the instant case is inconsistent with the standard applied in *Spahr* and *Barthelemy*. In *Spahr*, the grievants did not know that they were supposed to be included in the list of employees entitled to receive the supplement until they met with the WVEA representative. In *Barthelemy*, the grievants did not know they were denied a wage increase until after they received their final paychecks at the end of the 60 day period. Unlike the grievants in *Spahr* and *Barthelemy*, who did not receive actual notice of the grievable event from their employers, the Respondent actually received unequivocal notification from DOH about the grievable event, i.e., Respondent's non-selection for the position of Highway Engineer. DOH unequivocally informed him of this grievable event on June 29, 2015. However, under the circuit court's order the Respondent had unlimited time to learn of facts regarding Ms. Goins' qualifications before filing his grievance. The circuit court's order relieved the Respondent of his obligation to perform a reasonable investigation into the circumstances of his non-selection for the position, either during the fifteen day period before the grievance had to be filed, or after a grievance was timely filed. The circuit court's order does not cite to any legal authority for this new discovery rule standard.[7] Moreover, the

---

[7] We note that under our general discovery rule a plaintiff has a duty to make a reasonable effort at ascertaining the basis of his/her cause of action. *See* Syl. pt. 4, in part, *Dunn v. Rockwell*, 225 W. Va. 43, 689 S.E.2d 255 (2009) ("The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.").

circuit court's new discovery rule standard is inconsistent with precedent of the Grievance

Board on this precise issue, as illustrated by the following:

> "[A] grievant may not fail to reasonably investigate a grievable event and then, at a later time, claim that he or she did not know the underlying circumstances of the grievable event." *Bailey v. McDowell Cnty. Bd. of Educ.*, Docket No. 07-33-399 (Nov. 24, 2008). *See also Goodwin v. Monongalia County Bd. of Educ.*, Docket No. 00-30-163 (Sept. 25, 2000), aff'd, Kanawha Cnty. Cir. Ct. Civil Action No. 00-AA-168 (Aug. 12, 2003), appeal refused, W.Va. Sup. Ct. App. Docket No. 032841 (Apr. 1, 2004).… Further, "[t]he Grievance Board has consistently held that, in a selection grievance, *the time period to file the grievance begins when the grievant learns of the selection decision, not when the grievant discovers facts about the person selected. Lynch v. W. Va. Dep't of Transp.*, Docket No. 97-DOH-060 (July 16, 1997) aff'd, Kan. Co. Cir Ct. Docket No. 97-AA-110 (Jan. 21, 1999); *Shay v. Monongalia County Board of Education*, Docket No. 01-30-024 (July 23, 2001); *Tuttle v. Dep't of Transp./Div. of Highways*, Docket No. 05-DOH-298 (Feb. 1, 2006); *Goodwin v. Dep't of Transp./Div. of Highways*, Docket No. 2011-0604-DOT (Mar. 4, 2011)." *Guy v. Kanawha Cnty. Bd. of Educ.*, Docket No. 2016-1700-KanED (Apr. 24, 2017).

*Wolford v. Hampshire County BOE*, Docket No. 2018-0549-HamED, 2019 WL 1324903,

at *5 (March 1, 2019) (emphasis added).


We agree with the long line of Grievance Board decisions and now hold that,

the time period for filing an employment selection grievance under W. Va. Code § 6C-2-

4(a)(1) (2008) begins when the grievant is unequivocally notified of the selection decision

by the employer, not when the grievant discovers facts about the person selected for the

position. In the instant case, the record indicates that Respondent learned that Ms. Goins

13

was awarded the position "shortly" after he received unequivocal notice from DOH on June 29, 2015, that he was not chosen. Ms. Goins asserted that she and the Respondent knew each other for more than a decade. In spite of these facts, the record does not disclose that Respondent made any effort to ascertain Ms. Goins' qualifications for the position, until she made a chance visit to his work site almost five months after she obtained the position. It was only after Ms. Goins' fortuitous visit to Respondent's work site that he filed his grievance challenging her qualifications, several months after the time period for doing so expired. Under these facts, the discovery rule cannot save the Respondent's untimely filed grievance. In the final analysis, the discovery rule standard adopted by the circuit court is rejected because, as found by the ALJ, under such a standard there would be no ascertainable date of finality to government hiring decisions. *See Clark v. W. Virginia Div. of Nat. Res*., No. 14-0626, 2015 WL 2364563, at *3 (W. Va. May 15, 2015) (Memorandum Decision) ("Importantly, petitioners cite to no legal authority in support of their claim that the discovery of a legal theory which supports a grievance is an 'event' that gives rise to the filing of a grievance."); *Kendrick v. Marshall University*, Docket No. 2009-0042-MU, 2009 WL 1268198, at *3 (April 28, 2009) (internal quotation marks and citations omitted) ("The Grievance Board has repeatedly held that it is not the discovery of a legal theory, but the event or practice which is the basis of the grievance, that triggers the statutory time lines.").

14

The Respondent argues that he had a reasonable expectation that he could "rely on the DOH to properly vet and review the potential applicants to determine they met the minimum qualifications." As a result of his so-called reasonable expectation, the Respondent contends "the DOH should be estopped from arguing that his grievance is untimely because it is clear DOH failed to perform its basic responsibility of determining who met or did not meet the minimum qualifications." The Respondent did not cite to any legal authority that supports his "reasonable expectation" argument as an exception for timely filing his grievance. Obviously, whether or not DOH fulfilled its duty to select the most qualified applicant for a vacant position is a potential issue in every appointment it makes. Therefore, this is not a justifiable reason for failing to timely file a grievance. Consequently, we reject Respondent's reasonable expectation argument. Moreover, the Grievance Board has recognized that "[w]hile equitable estoppel is available if the employee's otherwise untimely filing was the result of either a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge, a grievant has some obligation to pursue his rights under the grievance statute." *Mitias v. W. Va. Public Serv. Com'n*, Docket No. 95-PSC-029, 1995 WL 917663, at *11 (December 14, 1995). The Respondent did not cite to any conduct by DOH designed to impede his efforts to timely file his grievance.

15

In sum, there was no basis in the record for the circuit court to find that the ALJ improperly dismissed the Respondent's grievance as untimely filed. [8]

## IV.

## CONCLUSION

In view of the foregoing we reverse the circuit court's order of September 19, 2018, and remand this case for entry of an order affirming the February 8, 2017, dismissal decision of the Grievance Board.

REVERSED AND REMANDED WITH DIRECTIONS.

---

[8] Because we find the circuit court committed error in determining that the discovery rule was satisfied in this case, we need not address the Petitioners' second assignment of error, i.e., the circuit court improperly awarded Respondent relief on the merits of his grievance. We wish to point out, however, that there was no legal basis for the circuit court to address the merits of the grievance. Under the standard of review, the circuit court was limited to addressing the timeliness issue only.

16