# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MIA BROWN,**
**Grievant Below, Petitioner**

**v.) No. 23-ICA-328**     (Grievance Bd. Case No. 2023-0386-WVU)

**WEST VIRGINIA UNIVERSITY,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mia Brown appeals the June 26, 2023, Dismissal Order from the West Virginia Public Employees Grievance Board ("Board"). Respondent West Virginia University ("WVU") filed a response.[1] Ms. Brown filed a reply. The issue on appeal is whether the Board erred by granting WVU's motion to dismiss Ms. Brown's grievance as untimely filed.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Brown was previously employed by WVU as a Program Evaluation Specialist in the Office of Health Affairs. She was offered this position for the 2021-2022 academic year by letter dated July 20, 2021. In this letter, Ms. Brown was informed that her employment was at-will, it would be renewed annually, and that unless extended by mutual agreement, her employment would end on June 20, 2022. On June 2, 2022, WVU provided Ms. Brown with written notice that her employment was not being renewed for the 2022-2023 academic year. However, WVU offered to temporarily extend Ms. Brown's position from July 1, 2022, through September 30, 2022, which she accepted.

On November 28, 2022, Ms. Brown filed a level one grievance, alleging discrimination and retaliation. She sought reinstatement and back pay. A level one

---

[1] Ms. Brown is represented by Erika Klie Kolenich, Esq., Jeffrey A. Foster, Esq., and Steven R. Bratke, Esq. WVU is represented by Patrick Morrisey, Esq., and Samuel R. Spatafore, Esq.

1

grievance conference was held on January 25, 2023. At that time, WVU's counsel moved to dismiss the grievance because it was not filed within the timeframe set forth by West Virginia Code § 6C-2-4(a)(1) (2008)[2], which states that a level one grievance is to be filed:

> Within fifteen days following the occurrence of the event upon which the grievance is based, or within fifteen days of the date upon which the event became known to the employee, or within fifteen days of the most recent occurrence of a continuing practice giving rise to a grievance, an employee may file a written grievance with the chief administrator stating the nature of the grievance and the relief requested and request either a conference or a hearing. The employee shall also file a copy of the grievance with the board. State government employees shall further file a copy of the grievance with the Director of the Division of Personnel.

By order dated February 3, 2023, the chief grievance administrator granted WVU's motion and dismissed the level one grievance as untimely. This order found that Ms. Brown's grievance was time barred because she was aware on June 2, 2022, that her annual employment would not be renewed, but only extended until September 30, 2022. This order also found that Ms. Brown lacked standing to pursue her grievance because it was filed after her WVU employment ended.

Ms. Brown appealed the dismissal of her grievance to level three. WVU renewed its motion to dismiss the appeal as untimely and Ms. Brown filed a written response opposing the motion. Ms. Brown argued that the fifteen-day deadline had been tolled because prior to filing her grievance, she had filed an internal complaint with WVU, alleging workplace discrimination and harassment, and that it was still pending when she left WVU's employ in September of 2022. She argued that the pending internal complaint constituted a "continuing practice giving rise to a grievance" under West Virginia Code § 6C-2-4(a)(1).

On June 26, 2023, the Board granted the motion to dismiss without a hearing.[3] In its Dismissal Order, the Board found that the language of West Virginia Code § 6C-2-4(a)(1) clearly established that an employee only had fifteen days to file a grievance, and that the time period for filing a grievance started to run when an employee is

---

[2] Although this statute was recently amended, effective June 9, 2023, Ms. Brown's grievance was filed prior to the current statute taking effect. Therefore, the former version of the statute applies.

[3] West Virginia Code of State Rules §§ 156-1-6.6 and 156-1-6.6.1 provide that a motion may be made in writing or orally at a hearing, and that the Board may, in its discretion, rule with or without a hearing.

"unequivocally notified of the decision" being challenged. *See Rose v. Raleigh Cnty. Bd. of Educ.*, 199 W. Va. 220, 222, 483 S.E.2d 566, 568 (1997); *Naylor v. W. Va. Hum. Rts. Comm'n*, 180 W. Va. 634, 637, 378 S.E.2d 843, 846 (1989).

The Board determined that Ms. Brown was put on notice on June 2, 2022, that her employment would not be renewed, but only extended until September 30, 2022. It was determined that pursuant to statute this notice was "the occurrence of the event upon which the grievance [was] based." W. Va. Code § 6C-2-4(a)(1). As a result, the Board concluded that her November 28, 2023, grievance was beyond the statutory timeframe. The Board also rejected Ms. Brown's argument that her grievance was timely filed because it was part of a continuing practice. On this issue, the Board found that its prior decisions have recognized that a timeline may be determined to begin to run with each new occurrence; however, in this case, there was no continuing practice because the June 2, 2022, notice of nonrenewal was a singular event which placed Ms. Brown on unequivocal notice of the event giving rise to her grievance. This appeal followed.

In this appeal, our governing standard of review for a contested case from the West Virginia Public Employees Grievance Board is as follows:

> A party may appeal the decision of the administrative law judge on the grounds that the decision:
> (1) Is contrary to law or a lawfully adopted rule or written policy of the employer;
> (2) Exceeds the administrative law judge's statutory authority;
> (3) Is the result of fraud or deceit;
> (4) Is clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (5) Is arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

W. Va. Code § 6C-2-5(b) (2007);[4] *accord* W. Va. Code § 29A-5-4(g) (2021) (specifying the standard for appellate review of administrative appeal). Likewise, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume the agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996); *see also,* Syl. Pt. 1, in part, *In re Tiffany Marie S.*, 196 W. Va. 223, 470 S.E.2d 177 (1996) (on appeal, a court may not overturn a finding simply because it would have decided case differently); Syl. Pt. 1, *Francis O. Day Co., Inc., v. Dir. Div. of Env't Prot.*, 191 W.

---

[4] West Virginia Code § 6C-2-5 was recently amended, effective March 1, 2024. However, the former version of the statute was in effect at the time the Board's decision was entered and applies to this case.

Va. 134, 443 S.E.2d 602 (1994) (evidentiary findings should not be reversed unless clearly wrong); *Princeton Cmty. Hosp. v. State Health Plan.*, 174 W. Va. 558, 564, 328 S.E.2d 164, 171 (1985) ("an agency's determination of matters within its area of expertise is entitled to substantial weight.").

On appeal, Ms. Brown raises two arguments.[5] Ms. Brown argues that pursuant to West Virginia Code § 6C-2-3(c)(1) (2008), "[a]ny assertion that the filing of the grievance at level one was untimely shall be made at or before level two." She maintains that WVU's motion to dismiss was improper because it was not made until the level three proceedings. We find that this assertion is inconsistent with the record on appeal. As evidenced by the February 3, 2023, order, WVU moved to dismiss the grievance as untimely during the level one hearing and that request was granted. As such, WVU appropriately raised the issue of timeliness, and the Board did not err by considering the same during the level three grievance proceedings.

Next, Ms. Brown argues that the Board erred by finding that her internal complaint did not toll the fifteen-day filing period for her grievance under West Virginia Code § 6C-2-4(a)(1). She maintains that because the internal procedure was ongoing, she could not have been unequivocally notified of the adverse decision. *See Rose*, at 222, 483 S.E.2d at 568; *Naylor*, at 637, 378 S.E.2d at 846. She contends this meets the continuing practice exception under West Virginia Code § 6C-2-4(a)(1). We are not persuaded by this argument and note that Ms. Brown offers no controlling statutes, regulations, or case law to support her position that the existence of an internal institutional complaint tolls or stays an administrative grievance procedure before the Board. Here, we find no error in the Board's determination that Ms. Brown's fifteen-day deadline to file her grievance began running on June 2, 2022. The Board found that this was the date upon which she was unequivocally notified that her employment was not being renewed, and that the nonrenewal of her employment was the event that gave rise to her grievance. This determination was within the Board's area of expertise and based upon our review of the record, we find there is a rational basis to support the Board's dismissal of Ms. Brown's grievance.

Accordingly, we find no error and affirm the Board's Dismissal Order.

---

[5] While Ms. Brown's brief lists four assignments of error, its argument section only contains two argument headings, addressing only two of the four listed errors. We deem the two omitted assignments of error to be waived on appeal. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 307, 284 S.E.2d 374, 376 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); W. Va. R. App. P. 10(c) (stating this Court may disregard errors not adequately supported by specific references to the appellate record).

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear